TEXAS & P. RY. CO. v. PARKS et al.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1902.)

No. 1,100.

MASTER AND SERVANT—ACTION FOR INJURY OF SERVANT — CONTRIBUTORY NEGLIGENCE.

In an action by a servant against the master to recover for an injury, where the negligence of the master is established, evidence of contributory negligence must be undisputed and conclusive to warrant the court in directing a verdict for defendant.

In Error to the Circuit Court of the United States for the Northern District of Texas.

Geo. Thompson and T. J. Freeman, for plaintiff in error.

R. L. Carlock, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This is a suit brought by Sabina Parks, for herself and her minor son, Frank, to recover damages for the death of John B. Parks, husband of the said Sabina and father of the said Frank. It is alleged that on the 13th day of January, 1900, the said J. B. Parks, while in the employ of the Texas & Pacific Railway Company, was killed in the yards of the said company at Ft. Worth, Tex., while working with a crew to unload certain cars of dirt by the use of a large plow. Negligence of the railway company was charged: First, in not furnishing safe appliances; and, second, in that the conductor in charge of the work was negligent in starting the engine without giving sufficient notice and time to said Parks to put himself in a place of safety. On the trial a verdict was rendered against the railway company, which sues out this writ of error, contending that the court below erred in refusing certain special charges instructing the jury to find a verdict for the defendant on the ground of contributory negligence.

On the evidence submitted to the jury, the negligence of the railway company in not furnishing proper appliances was well established, but the evidence to show that the deceased, Parks, was guilty of contributory negligence, while perhaps strong enough to have warranted the jury in finding for the railway company, was not sufficiently undisputed and conclusive to warrant the court in taking the case from the jury. While the evidence shows that, after the cable was attached to the unloader plow, and before the locomotive was started, there was sufficient time and notice for Parks to have sought a place of safety, there is evidence to the effect that the conductor had instructed Parks and others to go back by the cars to the rear end of the train as a place of safety, and to watch the operation of the unloader plow, and that Parks was proceeding with due diligence, and had nearly attained the rear of the train, when the accident happened.

The case was properly submitted to the jury, and, as we find no reversible error in the record, the judgment of the circuit court is affirmed.